**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 12-02138-VAP (SPx)                    Date:  December 13, 2012

Title:        GULZAR AHMAD -v- PETER SHIPMAN; GEORGIANNE KEENAN
              DOES 1 TO 10
==============================================================
PRESENT:     HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

  Marva Dillard          None Present
  Courtroom Deputy        Court Reporter

ATTORNEYS PRESENT FOR    ATTORNEYS PRESENT FOR
PLAINTIFFS:           DEFENDANTS:

  None              None

PROCEEDINGS:  MINUTE ORDER REMANDING ACTION TO CALIFORNIA
          SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE (IN
          CHAMBERS)

   On October 10, 2012, Plaintiff Gulzar Ahmad filed an action for unlawful detainer in the Superior Court of California, County of Riverside.  (<u>See</u> Ex. A to Not. of Removal (Doc. No. 1) ("Complaint").)  On December 5, 2012, Defendant Peter Shipman, proceeding <u>pro se</u>, removed the action to this Court on the basis of federal question jurisdiction.  (<u>See</u> Not. of Removal (Doc. No. 1) at 2.)  Finding it lacks subject matter jurisdiction, the Court remands this action <u>sua sponte</u>.

   Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §§ 1441, <u>et seq.</u>  The Ninth Circuit applies a strong presumption against removal jurisdiction, <u>Ethridge</u>

EDCV 12-02138-VAP (SPx)
GULZAR AHMAD v. PETER SHIPMAN; GEORGIANNE KEENAN DOES 1 TO 10
MINUTE ORDER of December 13, 2012

v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988), and "the defendant always has the burden of establishing that removal is proper," Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction").

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Defendant alleges removal is proper on the basis of federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441. (Not. of Removal at 2.) Defendant has not met his burden of demonstrating the Court's jurisdiction over this action. Defendant does not state a basis for federal question jurisdiction. From the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint). Thus, no federal question is presented on the face of the Complaint, nor has a federal claim been disguised by artful pleading. Defendant accordingly has not demonstrated that the Court may exercise jurisdiction on the basis of federal question.

MINUTES FORM 11                                             Initials of Deputy Clerk ___md____
CIVIL -- GEN                                Page 2

EDCV 12-02138-VAP (SPx)
GULZAR AHMAD v. PETER SHIPMAN; GEORGIANNE KEENAN DOES 1 TO 10
MINUTE ORDER of December 13, 2012

     Under 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001).  There is no basis for diversity jurisdiction here because Plaintiff filed this action as a "limited civil case" with damages of no more than $10,000.  (<u>See generally</u> Compl.)  As such, this case cannot meet the statutory amount -in-controversy requirement for diversity jurisdiction.  <u>See</u> 28 U.S.C. § 1332.

     For these reasons, the Court lacks subject matter jurisdiction.  As Defendant has not met his burden of establishing that the case is properly in federal court, the Court REMANDS the action to the Superior Court of California, County of Riverside.

     **IT IS SO ORDERED.**